ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 24 2006

at 3 o'clock and 58 min. PM
SUE BEITIA, CLERK

C. KAUI JOCHANAN AMSTERDAM
US Senate Candidate
1415 Pensacola St. # 12
Honolulu, Hawaii 96822
Telephone: 808-550-4994
e-mail: charles.amsterdam@
         hawaiiantel.net

TRUDY MILANI TAKAYAMA
Representative
Telephone: 808-959-0132

PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM<br>Candidate for the US Senate<br>   Plaintiff<br><br>vs.<br><br>DWAYNE D. YOSHINA<br>Chief Elections Officer for<br>the State of Hawaii<br>   Defendant | CIVIL NO. CV06 00519 HG BMK<br><br>AMENDED COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF; EXHIBIT A, B<br>SUMMONS |

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

NO. CV06 00519 HG BMK

IN THE US DISTRICT COURT OF THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM<br>Candidate for the US Senate<br>      Plaintiff<br><br>vs<br><br>DWAYNE D. YOSHINA<br>Chief Elections Officer for<br>the State of Hawaii<br>      Defendant | AMENDED COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF; EXHIBIT A, B<br>SUMMONS |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now C. Kaui Jochanan Amsterdam (herewith Plaintiff) and alleges the following:

    1. Plaintiff:

        Plaintiff is a resident of Honolulu, City and County of Honolulu, and was so during all relevant times.

    2. Defendant:

        Defendant Dwayne D. Yoshina, Chief Election Officer of the State of Hawaii, is sued in his individual and official capacity.

    3. Jurisdiction:

        This Court has jurisdiction in this matter pursuant to 28 U.S.C. Section 1331, involving Deprivation of Rights, and 28 U.S.C. Section 1391, involving all parties residing here in Hawaii.

I

4. Claim:

The Plaintiff claims:

A. That he was listed or designated by the Elections Office of Hawaii with the NONPARTISAN PARTY BALLOT as a US Senate candidate for Hawaii in the 2006 Primary Election, but he is being denied his rights pursuant to 28 U.S.C. Section 1331, his First Amendment Rights, and particularly his right to be treated consistently and fairly, advanced as a US Senate candidate, and listed on the ballot of the 2006 General Election. Therefore, the Plaintiff humbly asks the Court to sustain his right to be a US Senate candidate listed on the ballot of the 2006 General Election of Hawaii.

B. That the Complaint is warranted because of irreparable harm of not being on the ballot of the fast approaching 2006 General Election.

C. That of the likelihood of success on the merits presented herein of the Complaint.

Dated:   Honolulu, Hawaii, October 24, 2006

*C. Kaui Jochanan Amsterdam* (signature)

C. Kaui Jochanan Amsterdam
Candidate for the US Senate
PRO SE

2

NO. CV06 00519 HG BMK

IN THE US DISTRICT COURT OF THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM<br>Candidate for the US Senate<br>   Plaintiff<br><br>vs<br><br>DWAYNE D. YOSHINA<br>Chief Elections Officer for<br>the State of Hawaii<br>   Defendant | AMENDED COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF; EXHIBIT A, B<br>SUMMONS |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

I. INTRODUCTION

The Plaintiff, along with some other similar candidates, was listed on the NONPARTISAN PARTY BALLOT by the Elections Office for the 2006 Primary Election as shown in Exhibit A herein. While listing or designating the Plaintiff as a partisan candidate with the NONPARTISAN PARTY BALLOT, the Elections Office inconsistently and unfairly did not treat the Plaintiff as a partisan candidate. Such unfair treatment causes a major difference in the election results and demonstrates justification for this Complaint pursuant to Part XI Election Contests, II-I72 Contests for Cause; generally, Hawaii Revised Statutes. Part IV, Election Results, I2-4I Result clarifies that treated as a partisan candidate, the Plaintiff would advance to the ballot of the General Election pursuant to (a) The person or persons receiving the

3

greatest number of votes at the primary or special primary as a candidate of a party for an office shall be the candidate of the party at the following general or special election. Such treatment would be consistent and fair with the listing of the candidate by the Election Office in the Primary Election. On the other hand, treated as a non-partisan candidate, the Plaintiff would incur irreparable harm by being eliminated from advancing to the ballot of the General Election pursuant to (b) Any nonpartisan candidate receiving at least ten per cent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary, shall also be a candidate at the following election. Such treatment would be inconsistent and unfair and deprive the Plaintiff of his rights since he was listed or designated as a candidate with the NONPARTISAN PARTY BALLOT on the official ballot before the voting public by the Elections Office.

When the Plaintiff asked the Elections Office why such a listing was used by the Elections Office, he was directed to the Defendant's attorney, who said it was used for "bureaucratic convenience". While it may have used such a designation or listing for its convenience, the Elections Office should have been consistent and treated the candidate as a NONPARTISAN PARTY BALLOT candidate. The Elections Office's inconsistency resulted in the Plaintiff and voting public's unfair, unreasonable treatment and subsequent inconvenience, they're being

4

misinformed, misled, and confused, a denial of the Plaintiff's associated rights, and a violation of points of law.

2. ARGUMENT

Points of law and case law demonstrate that the Election Office's listing or designating of the Plaintiff as a NONPARTISAN PARTY candidate and its not consistently treating the Plaintiff as a NONPARTISAN PARTY BALLOT candidate is contraindicated or in violation of points of law.

First, the case of In Re Kelly's Nomination, 24 Pa. D. 205. Pa. com. Pl. 1914, established that non-partisan candidates should be listed on a Non-Partisan Primary Ballot and not a Non-Partisan Party Ballot. Since the Elections Office listed the Plaintiff with the NONPARTISAN PARTY BALLOT, it designated the Plaintiff was a partisan and not a non-partisan candidate; therefore, the candidate should consistently, reasonably, and fairly be treated as a NONPARTISAN PARTY BALLOT candidate and, being an unopposed, NONPARTISAN PARTY BALLOT candidate, advanced to the ballot of the 2006 General Election pursuant to Part IV, Election Results, 12-41(a). If it considered the Plaintiff to be a non-partisan candidate, then the Elections Office should have listed him as such and thereafter treated him as such. Such was not the case. Indeed, if it considered the Plaintiff to be a non-partisan candidate, but listed him as a NONPARTISAN PARTY BALLOT candidate, then the Elections Office in accordance with the case law herein mistakeningly violated proper listing procedure. Such may have been the case. Upon comparing the sample ballot displayed by the Elections Office before the Primary Elections, which identifies the NON-PARTISAN Ballot, with the official ballot used in the

Primary Election, which identifies the NONPARTISAN PARTY BALLOT, one finds a discrepancy or inconsistency between the two ballots. With such a discrepancy, inconsistency, or error, the Elections Office should be held responsible and educate the voting public and candidates pursuant to Part I. General Provisions II-2 Chief election officer; duties. (d). The Election Office's sample ballot and the official ballot used in the Primary Election and their descrepency are demonstrated in Exhibit A herein.

    Secondly, in the case of <u>Davis vs State Election Bd. of Oaklahoma, 762p. 2d. 932, Okl. 1988 Sept. 13, 1988</u>), the Court recognized that "the candidate cannot be partisan and non-partisan at the same time". Accordingly, since he was <u>listed</u> by the Elections Office on the NONPARTISAN PARTY BALLOT, the Plaintiff was designated as party affiliated, thereby partisan, and should consistently and reasonably be <u>treated</u> as such. The thirty-five registered voters, who voted in the 2006 Primary Election, support this Complaint and voice their support that the Plaintiff should be treated by the Elections Office as a NONPARTISAN PARTY BALLOT candidate and as such consistently and reasonably advanced to the ballot of the 2006 General Election as a Senate candidate. The voter's support is included in Exhibit B herein. By listing the Plaintiff as a partisan candidate with the NONPARTISAN PARTY BALLOT then treating him as non-partisan, the Elections Office made the candidate what the Court said he cannot be- partisan and non-parisan at the same time. Since the Elections Office did what the Court said not to do, the Office created an inconsistent, unfair, and unreasonable situation, which is contrindicated by the Court.

    Importantly, the Election Office's inconsistency violated a point of law. Applying the Doctrine of Equitable

Estoppel, the Election Office's inconsistency application stops or prevents one party from taking a position which is inconsistent with an earlier action that places the other party at disadvantage. Such application is presented in the case law of <u>Oxley v General Atlantic Resources, Inc. 936 P. 2d 943, 136 Oil and Gas Rep. 143, 1997 OK 46, Okla., April 08, 1997</u>. Accordingly, by it applying the inconsistent treatment of the Plaintiff as a Non-Partisan candidate rather than NONPARTISAN PARTY BALLOT candidate as he was previously listed or designated on the ballot before the voting public, the Elections Office took a position which is inconsistent with its earlier action and placed the Plaintiff at the disadvantage of not advancing to the ballot of the General Election as a Senate candidate and suffering loss of his rights and irreparable harm. Therefore, the Plaintiff asks the Court to stop the Election Office's inconsistent action of treating the Plaintiff as a non-partisan candidate resulting in irreparable harm for the Plaintiff and instead treat the Plaintiff consistent with his listing as a NONPARTISAN PARTY BALLOT candidate and exercise his right to advance to the ballot of the General Election. In exercising Equitable Estoppel against the Defendant, who has knowledge of the facts of the elections, the Plaintiff described the oppositional or inconsistent situation created by the Elections Office of having the Plaintiff be in the Court's contraindicated situation of being partisan and non-partisan at the same time as previously briefly described. In doing this, the Elections Office misled the candidate and particularly the voting public by informing the voting public that the Plaintiff was a partisan candidate by listing or designating him as a NONPARTISAN PARTY

BALLOT candidate in the Primary Election. Accordingly, the candidate and voting public in good faith relied upon such a representation or listing by the Elections Office. Likewise, they were led to think that the candidate who ran unopposed would be consistently treated by the Elections Office as a partisan candidate and advanced to the ballot of the General Election. But after voting they found that the candidate was not treated as they were led to think and instead would be eliminated by the Elections Office's actions from advancing to the General Election. The Elections Office misinformed, misled, and accordingly confused the candidate and particularly the voting public and acted upon what it had done by eliminating rather than advancing the candidate, who thereby is irreparably harmed. Thus, the oppositional or inconsistent situation created by the Elections Office demonstrates the basic elements of Equitable Estoppel and as also seen in the cases of <u>First State Bank v. Diamond Plastics, supra at 1272, Apex Siding & Roofing Co. v. First Federal Savings and Loan Ass'n of Shawnee, 301 P. 2d 352. 355 (Okl. 1956)</u>.

Thirdly, in the case of <u>State v Torgerson, 57, N.D. 152, 220 N.W. 834, N.D. 1928 (July 28, 1928)</u>, the court ruled that the use of the word "Party" is crucial and sufficient in changing or eliminating requirements for nonpartisan candidates. According to the Court,

> In view of the policy clearly indicated in the general primary law to leave little room for the exercise of discretion by ministerial officers and to place upon aspirants for offices the duty of compliance with definite measure of sufficiency contained in the primary law remain applicable to the nonpartisan primary, modified only by a prohibition of the mention of party affiliation of the candidate, which by necessary implication,

8

>                    in considering the number of peti-
>                    tions, also eliminates the 5 per
>                    cent requirements based upon the
>                    total vote cast for the candidate
>                    of the party with which the aspi-
>                    rant affiliates.

Accordingly, by its use of the term "Party" in the NONPARTISAN PARTY BALLOT, the Elections Office eliminated the ten per cent of the total votes cast for the office or vote equal to the lowest vote of the partisan candidate requirements pursuant to Part IV. Election Results, 12-41 Results of Elections Haw. Rev. Stat. (b) and instead applied (a) in which a person or persons receiving the greatest number of votes at the primary or special election of a candidate of a party for an office shall be the candidate of the party at the general or special election. Therefore, being unopposed and receiving the greatest number votes at the primary or special election as a candidate of the NONPARTISAN PARTY BALLOT for the office of US Senator, the Plaintiff shall be the candidate on the NONPARTISAN PARTY BALLOT at the general or special election of 2006 for which the Plaintiff humbly ask US District Court of the District of Hawaii to sustain.

Finally, in the case of In Re Kay 508 So. 2d 329, Fla., 1987 (June 04, 1987), when similar ballots were used to make them appear the same, such similarity or giving appearance that partisan Democratic or Republican parties endorsed candidacy in a non-partisan race warrants public reprimand and a reprimand was ordered by the Supreme Court. Accordingly, by it giving appearance or similarity to partisan and non-partisan candidates alike under a party label as demonstrated in Exhibit A, the Elections Office advanced the same censored contraindicated action, which results in the reprimand of the Supreme Court of Florida.

9

3. PRAYER AND RELIEF

Wherefore, the Plaintiff pursuant to the laws herein, reason, fairness, facts, consistency, and the Doctrine of Estoppel has set forth causes that result in a difference in the outcome of the Election. In order to stop irreparable harm from such detrimental causes, the Plaintiff prays for relief as follows:

  A. That due to the immediate need of this Complaint, the Plaintiff humbly asks and prays for the Court's expedient sustaining action to stop the Defendant's detrimental action and its resulting irreparable harm on the Plaintiff and advance the Plaintiff to the ballot of the General Election of 2006.

  B. That the Court consider the Plaintiff's important and worthwhile goals to meet the needs of our Hawaiian People and People-at-large of Hawaii Nei, the United States of America, and the World and particularly to advance a goal that no other candidates have in the 2006 Elections of advancing the Aloha Spirit and Peace in the Middle East.

  C. That the Court grant such and further relief as it shall deem just and proper.

Dated:   Honolulu, Hawaii, October 24, 2006

_____
C Kaui Jochanan Amsterdam
US Senator Candidate
Plaintiff
PRO SE

10