C. KAUI JOCHANAN AMSTERDAM
US Senator Candidate
1415 Pensacola St., # 12
Honolulu, Hawaii 96822
Telephone: 808-550-4994
e-mail: charles.amsterdam@
        hawaiiantel.net
TRUDY MILANI TAKAYAM
Representative
Telephone: 808-959-0132

PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM<br>Candidate for the US Senate<br><br>         Plaintiff<br><br>    vs.<br><br>DWAYNE D. YOSHINA<br>Chief Elections Officer for<br>the State of Hawaii<br><br>         Defendant | CIVIL NO. CV06 00519 HG BMK<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR PRELIMINARY INJUNCTION<br>AND AMENDED COMPLAINT |

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AND AMENDED COMPLAINT

        The Plaintiff, C. Kaui Jochanan Amsterdam, was listed
as a NONPARTISAN PARTY BALLOT candidate in the 2006 Primary
Election in Hawaii, but inconsistently and unfairly was not
treated as a NONPARTISAN PARTY BALLOT candidate listing. Such
treatment causes the Plaintiff irreparable harm of not being
included in the ballot of the 2006 General Election, of being
deprived of the opportunity to be a US Senate candidate in the
2006 General Election and  of not being elected US Senator
for Hawaii, of not advancing his First Amendment Rights, as
Native Hawaiian, not being able to serve our Hawaiian People
and our People-at-large of Hawaii Nei, as a Jew, not being

able to use Senate resources to advance the Spirit of Aloha and Peace in Israel, Palestine, and the Arab nations of the Middle East of which actions the Plaintiff is the only candidate with such important and worthwhile goals, and of being deprived of using his education, experience, preparation, and resources as a Senator to keep and make the World a better place in which to live.

The Plaintiff has the likelihood of success on the merits presented herein and of the Amended Complaint. First, points of law provide support for the Amended Complaint. The Doctrine of Equitable Estoppel as also presented in Oxley v General Atlantic Resources, Inc., 936 P. 2d 943, I36 Oil and Gas Rep. I43, I997 OK 46, Okla., April 08, I997; First State v. Diamond Plastics, supra at I272; Apex Siding and Roofing Co. v. First Federal Savings and Loan Ass'n of Shawnee, 30I P. 2d 352. 355 (Okl. I956) demonstrate that the Election Office's inconsistency of listing the Plaintiff as a NON-PARTISAN PARTY BALLOT candidate then of not treating him as such resulting in the Plaintiff's disadvantage and irreparable harm supports the Plaintiff's Amended Complaint. Secondly, the Plaintiff was listed as a partisan candidate on the ballot before the viewing and voting public by the Elections Office. It it did not consider the candidate partisan, the Elections Office should have listed him as a non-partisan candidate or instructed or educated the voters when they were voting regarding his listing pursuant to Part I. General Provisions II-2 Chief election officer; duties (d) of which the Elections Office did not do. The case of In Re Kelly's Nomination, 24 Pa. D. 205. Pa. com. Pl. I9I4 established that a non-partisan candidate should be listed on a Non-Parisan Primary Ballot and not a Non-Partisan Party Ballot. The listing of the Election Office and its treatment of the candidate should be consistent

as the Court determined and not inconsistent as the Elections
Office acted. Accordingly, the candidate should be consistently
treated as listed by the Elections Office as the case law demon-
strates. Thirdly, in the case law of Davis vs State Election
Bd. of Oklahoma, 762p. 2d. 932, Okl. 1988 (Sept. 13, 1988),
the Court recognized that "the candidate cannot be partisan
and non-partisan at the same time". Since it listed the Plain-
tiff on the official ballot as a NONPARTISAN PARTY BALLOT
candidate, but treated him as a non-partisan candidate, the
Election Office made the candidate what the Court said he
cannot be-parisan and non-partisan at the aame time. Thirdly,
in the case of State v Torgerson, 57, N.D. 152, 220 N.W. 834,
N.D. 1928 (July 28, 1928), the Court ruled that the use of the
word "Party" is crucial in changing or eliminating require-
ments for a non-partisan candidate. Since it used the word
"Party" on the official ballot before the voting public, the
Election Office acted crucially and changed the designation
and requirements associated with the use of the word "Party"
by its action. Fourthly, in the case of In Re Kay So. 2d 329,
Fla., 1987 (June 04, 1987), the Florida Supreme Court ruled it
unacceptable and reprimanded in this case actions in which simi-
lar ballots were used to make them appear the same, such simi-
larity or giving appearance that partisan Democratic or Re-
publican parties endorsed candidacy in a non-partisan race
warranted reprimand. As seen in Exhibit A of the Amended Com-
plaint, the Elections Office grouped all listed parties together
under a party label, which would result in the reprimand of the
Supreme Court of Florida. Finally, the testimony of Thirty plus
Registered Voters seen in Exhibit B of the Amended Complaint and
the Affidavit enclosed all show that the listing of the NONPARTI-
SAN PARTY BALLOT candidate had a significant impact on them
as voters. After they found out that the Elections Office was

treating the Plaintiff as it had listed him, the Thirty plus
Registered Voters felt they were misinformed, misled, and con-
fused by the Elections Office by such action. As seen in the
Affidavit encloesed herein which reflects the Thirty plus
Registered Voters and the voting public, the voters felt the
Plaintiff running unopposed with the NONPARTISAN PARTY BALLOT
would proceed to the ballot of the General Election consistent
with his listing. Because cross party voting was prohibited,
these voters were free to vote for another party without any
loss to the Plaintiff. When they found, they were misled by
the Election Office as elaborated on the the Amended Complaint,
the Thirty plus Registered Voters and the Affidavit advanced
their displeasure regarding the inconsistent and unfair treat-
ment of the Plaintiff and for being misinformed, misled, and
confused by the Elections Office.

     Accordingly, to stop irreparable harm, heed the points
of law and testimony herein, and utilize the exhibits, Declaration,
files, records, and principle of justice, the Plaintiff humbly
asks support for the Motion for Preliminary Injunction, the
Amended Complaint, the avoidance of irreparable harm, and relief
by advancing the Plaintiff as a candidate on the ballot of the
2006 General Election in Hawaii.


Dated:    Honolulu, Hawaii  October 27, 2006

C. Kaui Jochanan Amsterdam
US Senator Candidate
Plaintiff

PRO SE

4