EXHIBIT A

C. KAUI JOCHANAN AMSTERDAM
US Senate Candidate
1415 Pensacola St. # 12
Honolulu, Hawaii 96822
Telephone: 808-550-4994
e-mail: charles.amsterdam@
          hawaiiantel.net

TRUDY MILANI TAKAYAMA
Representative
Telephone: 808-959-0132

PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 4 2006

at 3 o'clock and 58 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM Candidate for the US Senate<br><br>        Plaintiff<br><br>    vs.<br><br>DWAYNE D. YOSHINA Chief Elections Officer for the State of Hawaii<br><br>        Defendant | CIVIL NO. CV06 00519 HG BMK<br><br>AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EXHIBIT A, B SUMMONS |

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

NO. CV06 00519 HG BMK

IN THE US DISTRICT COURT OF THE DISTRICT OF HAWAII

C. KAUI JOCHANAN AMSTERDAM          )
Candidate for the US Senate         )
              Plaintiff             )
                                    )          AMENDED COMPLAINT FOR
                                    )          DECLARATORY AND INJUNCTIVE
      vs                            )          RELIEF; EXHIBIT A, B
                                    )          SUMMONS
DWAYNE D. YOSHINA                   )
Chief Elections Officer for         )
the State of Hawaii                 )
              Defendant             )
                                    )

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Comes now C. Kaui Jochanan Amsterdam (herewith Plain-
tiff) and alleges the following:

          I. Plaintiff:

                Plaintiff is a resident of Honolulu, City
          and County of Honolulu, and was so during all
          relevant times.

          2. Defendant:

                Defendant Dwayne D. Yoshina, Chief Election
          Officer of the State of Hawaii, is sued in his
          individual and official capacity.

          3. Jurisdiction:

                This Court has jurisdiction in this matter
          pursuant to 28 U.S.C. Section 1331, involving
          Deprivation of Rights, and 28 U.S.C. Section 1391,
          involving all parties residing here in Hawaii.

I

4. Claim:

    The Plaintiff claims:

    A. That he was listed or designated by the Elections Office of Hawaii with the NONPARTISAN PARTY BALLOT as a US Senate candidate for Hawaii in the 2006 Primary Election, but he is being denied his rights pursuant to 28 U.S.C. Section 1331, his First Amendment Rights, and particularly his right to be treated consistently and fairly, advanced as a US Senate candidate, and listed on the ballot of the 2006 General Election. Therefore, the Plaintiff humbly asks the Court to sustain his right to be a US Senate candidate listed on the ballot of the 2006 General Election of Hawaii.

    B. That the Complaint is warranted because of irreparable harm of not being on the ballot of the fast approaching 2006 General Election.

    C. That of the likelihood of success on the merits presented herein of the Complaint.

Dated:    Honolulu, Hawaii, October 24, 2006

C. Kaui Jochanan Amsterdam
Candidate for the US Senate
PRO SE

2

NO. CV06 00519 HG BMK

IN THE US DISTRICT COURT OF THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM<br>Candidate for the US Senate ) | ) |
| Plaintiff | ) |
| vs | ) AMENDED COMPLAINT FOR<br>) DECLARATORY AND INJUNCTIVE<br>) RELIEF; EXHIBIT A, B<br>) SUMMONS |
| DWAYNE D. YOSHINA<br>Chief Elections Officer for<br>the State of Hawaii | ) |
| Defendant | ) |

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

I. INTRODUCTION

The Plaintiff, along with some other similar candidates,
was listed on the NONPARTISAN PARTY BALLOT by the Elections
Office for the 2006 Primary Election as shown in Exhibit A
herein. While listing or designating the Plaintiff as a
partisan candidate with the NONPARTISAN PARTY BALLOT, the
Elections Office inconsistently and unfairly did not treat
the Plaintiff as a partisan candidate. Such unfair treatment
causes a major difference in the election results and demon-
strates justification for this Complaint pursuant to Part XI
Election Contests, 11-172 Contests for cause; generally, Ha-
waii Revised Statutes. Part IV, Election Results, 12-41 Re-
sult clarifies that treated as a partisan candidate, the
Plaintiff would advance to the ballot of the General Elec-
tion pursuant to (a) The person or persons receiving the

3

greatest number of votes at the primary or special pri-
mary as a candidate of a **party** for an office shall be
the candidate of the party at the following general or
special election. Such treatment would be consistent and
fair with the listing of the candidate by the Election
Office in the Primary Election. On the other hand,
treated as a non-partisan candidate, the Plaintiff
would incur irreparable harm by being eliminated from
advancing to the ballot of the General Election pur-
suant to (b) Any nonpartisan candidate receiving at
least ten per cent of the total votes cast for the of-
fice for which the person is a candidate at the primary
or special primary, or a vote equal to the lowest vote
received by the partisan candidate who was nominated
in the primary or special primary, shall also be a
candidate at the following election. Such treatment
would be inconsistent and unfair and deprive the Plain-
tiff of his rights since he was listed or designated as
a candidate with the NONPARTISAN PARTY BALLOT on the
official ballot before the voting public by the Elections
Office.

When the Plaintiff asked the Elections Office why
such a listing was used by the Elections Office, he was
directed to the Defendant's attorney, who said it was used
for "bureaucratic convenience". While it may have used
such a designation or listing for its convenience, the
Elections Office should have been consistent and treated
the candidate as a NONPARTISAN PARTY BALLOT candidate.
The Elections Office's inconsistency resulted in the
Plaintiff and voting public's unfair, unreasonable
treatment and subsequent inconvenience, they're being

4

misinformed, misled, and confused, a denial of the Plain-
tiff's associated rights, and a violation of points of law.

2. ARGUMENT

Points of law and case law demonstrate that the Elec-
tion Office's listing or designating of the Plaintiff as
a NONPARTISAN PARTY candidate and its not consistently
treating the Plaintiff as a NONPARTISAN PARTY BALLOT can-
didate is contraindicated or in violation of points of law.

First, the case of In Re Kelly's Nomination, 24 Pa. D.
205. Pa. com. Pl. 1914, established that non-partisan can-
didates should be listed on a Non-Partisan Primary Ballot
and not a Non-Partisan Party Ballot. Since the Elections
Office listed the Plaintiff with the NONPARTISAN PARTY
BALLOT, it designated the Plaintiff was a partisan and
not a non-partisan candidate; therefore, the candidate
should consistently, reasonably,  and fairly be treated
as a NONPARTISAN PARTY BALLOT candidate and, being an
unopposed, NONPARTISAN PARTY BALLOT candidate, advanced
to the ballot of the 2006 General Election pursuant to
Part IV, Election Results, I2-4I(a). If it considered the
Plaintiff to be a non-partisan candidate, then the Elec-
tions Office should have listed him as such and there-
after treated him as such. Such was not the case. Indeed,
if it considered the Plaintiff to be a non-partisan can-
didate, but listed him as a NONPARTISAN PARTY BALLOT
candidate, then the Elections Office in accordance with
the case law herein mistakeningly violated proper listing
procedure. Such may have been the case. Upon comparing
the sample ballot displayed by the Elections Office be-
fore the Primary Elections, which identifies the  NON-
PARTISAN Ballot, with the official ballot used in the

5

Primary Election, which identifies the NONPARTISAN PARTY
BALLOT, one finds a discrepancy or inconsistency between
the two ballots. With such a discrepancy, inconsistency,
or error, the Elections Office should be held responsible
and educate the voting public and candidates pursuant
to Part I. General Provisions II-2 Chief election officer;
duties. (d). The Election Office's sample ballot and the
official ballot used in the Primary Election and their
descrepency are demonstrated in Exhibit A herein.

Secondly, in the case of Davis vs State Election
Bd. of Oaklahoma, 762p. 2d. 932, Okl. 1988 Sept. 13, 1988),
the Court recognized that "the candidate cannot be partisan
and non-partisan at the same time". Accordingly, since
he was listed by the Elections Office on the NONPARTISAN
PARTY BALLOT, the Plaintiff was designated as party affil-
iated, thereby partisan, and should consistently and rea-
sonably be treated as such. The thirty-five registered
voters, who voted in the 2006 Primary Election, support
this Complaint and voice their support that the Plaintiff
should be treated by the Elections Office as a NONPARTISAN
PARTY BALLOT candidate and as such consistently and rea-
sonably advanced to the ballot of the 2006 General Election
as a Senate candidate. The voter's support is included in
Exhibit B herein. By listing the Plaintiff as a partisan
candidate with the NONPARTISAN PARTY BALLOT then treating
him as non-partisan, the Elections Office made the candi-
date what the Court said he cannot be- partisan and non-
parisan at the same time. Since the Elections Office did
what the Court said not to do, the Office created an in-
consistent, unfair, and unreasonable situation, which is
contrindicated by the Court.

Importantly, the Election Office's inconsistency
violated a point of law. Applying the Doctrine of Equitable

6

Estoppel, the Election Office's inconsistency application stops or prevents one party from taking a position which is inconsistent with an earlier action that places the other party at disadvantage. Such application is presented in the case law of Oxley v General Atlantic Resources, Inc. 936 P. 2d 943, I36 Oil and Gas Rep. I43, I997 OK 46, Okla., April 08, I997. Accordingly, by it applying the inconsistent treatment of the Plaintiff as a Non-Partisan candidate rather than NONPARTISAN PARTY BALLOT candidate as he was previously listed or designated on the ballot before the voting public, the Elections Office took a position which is inconsistent with its earlier action and placed the Plaintiff at the disadvantage of not advancing to the ballot of the General Election as a Senate candidate and suffering loss of his rights and irreparable harm. Therefore, the Plaintiff asks the Court to stop the Election Office's inconsistent action of treating the Plaintiff as a non-partisan candidate resulting in irreparable harm for the Plaintiff and instead treat the Plaintiff consistent with his listing as a NONPARTISAN PARTY BALLOT candidate and exercise his right to advance to the ballot of the General Election. In exercising Equitable Estoppel against the Defendant, who has knowledge of the facts of the elections, the Plaintiff described the oppositional or inconsistent situation created by the Elections Office of having the Plaintiff be in the Court's contraindicated situation of being partisan and non-partisan at the same time as previously briefly described. In doing this, the Elections Office misled the candidate and particularly the voting public by informing the voting public that the Plaintiff was a partisan candidate by listing or designating him as a NONPARTISAN PARTY

7

BALLOT candidate in the Primary Election. Accordingly, the
candidate and voting public in good faith relied upon such
a representation or listing by the Elections Office. Like-
wise, they were **led** to think that the candidate who ran un-
opposed would be consistently treated by the Elections Office
as a partisan candidate and advanced to the ballot of the
General Election. But after voting they found that the
candidate was not treated as they were led to think and
instead would be eliminated by the Elections Office's actions
from advancing to the General Election. The Elections Office
misinformed, misled, and accordingly confused the candidate
and particularly the voting public and acted upon what
it had done by eliminating rather than advancing the candi-
date, who thereby is irreparably harmed. Thus, the opposi-
tional or inconsistent situation created by the Elections
Office demonstrates the basic elements of Equitable Estoppel
and as also seen in the cases of First State Bank v. Dia-
mond Plastics, supra at 1272, Apex Siding & Roofing Co. v.
First Federal Savings and Loan Ass'n of Shawnee, 301 P.
2d 352. 355 (Okl. 1956).

Thirdly, in the case of State v Torgerson, 57, N.D.
152, 220 N.W. 834, N.D. 1928 (july 28, 1928), the court
ruled that the use of the word "Party" is crucial and suf-
ficient in changing or eliminating requirements for non-
partisan candidates. According to the Court,

> In view of the policy clearly indicated in
> the general primary law to leave little room
> for the exercise of discretion by ministerial
> officers and to place upon aspirants for of-
> fices the duty of compliance with definite
> measure of sufficiency contained in the pri-
> mary law remain applicable to the nonpartis-
> san primary, modified only by a prohibition
> of the mention of party affiliation of the
> candidate, which by necessary implication,

in considering the number of peti-
tions, also eliminates the 5 per
cent requirements based upon the
total vote cast for the candidate
of the party with which the aspi-
rant affiliates.

Accordingly, by its use of the term "Party"in the NONPAR-
TISAN PARTY BALLOT, the Elections Office eliminated the ten per
cent of the total votes cast for the office or vote equal to the
lowest vote of the partisan candidate requirements pursuant to
Part IV. Election Results, I2-4I Results of Elections Haw. Rev.
Stat. (b) and instead applied (a) in which a person or persons
receiving the greatest number of votes at the primary or spe-
cial electionof a candidate of a party for an office shall be
the candidate of the party at the general or special election.
Therefore, being unopposed and receiving the greatest number
votes at the primary or special election as a candidate of the
NONPARTISAN PARTY BALLOT for the office of US Senator, the
Plaintiff shall be the candidate on the NONPARTISAN PARTY BAL-
LOT at the general or special election of 2006 for which the
Plaintiff humbly ask US District Court of the District of Ha-
waii to sustain.

Finally, in the case of <u>In Re Kay 508 So. 2d 329, Fla.,
1987 (June 04, 1987)</u>, when similar ballots were used to make
them appear the same, such similarity or giving appearance
that partisan Democratic or Republican parties endorsed
candidacy in a non-partisan race warrants public reprimand
and a reprimand was ordered by the Supreme Court. Accordingly,
by it giving appearance or similarity to partisan and non-
partisan candidates alike under a party label as demonstrated
in Exhibit A, the Elections Office advanced the same censored
contraindicated action, which results in the reprimand of
the Supreme Court of Florida.

9

3. <u>PRAYER AND RELIEF</u>

Wherefore, the Plaintiff pursuant to the laws herein, reason, fairness, facts, consistency, and the Doctrine of Estoppel has set forth causes that result in a difference in the outcome of the Election. In order to stop irreparable harm from such detrimental causes, the Plaintiff prays for relief as follows:

A. That due to the immediate need of this Complaint, the Plaintiff humbly asks and prays for the Court's expedient sustaining action to stop the Defendant's detrimental action and its resulting irreparable harm on the Plaintiff and advance the Plaintiff to the ballot of the General Election of 2006.

B. That the Court consider the Plaintiff's important and worthwhile goals to meet the needs of our Hawaiian People and People-at-large of Hawaii Nei, the United States of America, and the World and particularly to advance a goal that no other candidates have in the 2006 Elections of advancing the Aloha Spirit and Peace in the Middle East.

C. That the Court grant such and further relief as it shall deem just and proper.

Dated:    Honolulu, Hawaii, October 24, 2006

C Kaui Jochanan Amsterdam
US Senator Candidate
Plaintiff

PRO SE

10

EXHIBIT A

SAMPLE BALLOT/ **OFFICIAL PRIMARY BALLOT CARD:** SAMPLE BALLOT

A     B     C

**11**
**21**
**40**
**41**
**42**
**43**
**54**

## DEMOCRATIC PARTY BALLOT (D)
### (Purple)

**U.S. Senator**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**U.S. Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Governor**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Lieutenant Governor**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**State Senator**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**State Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

## REPUBLICAN PARTY BALLOT (R)
### (Yellow)

**U.S. Senator**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**U.S. Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Governor**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Lieutenant Governor**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**State Senator**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**State Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

## NONPARTISAN BALLOT (N)
### (Grey)

**U.S. Senator**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**U.S. Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Governor**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Lieutenant Governor**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**State Senator**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**State Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

## LIBERTARIAN PARTY BALLOT (L)
### (Green)

**U.S. Senator**
Vote for Not More than One (1)
- ○ Candidate 1

**U.S. Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Governor**
Vote for Not More than One (1)
- ○ Candidate 1

**Lieutenant Governor**

## GREEN PARTY BALLOT (G)
### (Tan)

**U.S. Senator**
Vote for Not More than One (1)
- ○ Candidate 1

**U.S. Representative**
Vote for Not More than One (1)
- ○ Candidate 1
- ○ Candidate 2

**Governor**
Vote for Not More than One (1)
- ○ Candidate 1

**Lieutenant Governor**

**PRIMARY**

visit HONOLULUADVERTISER.COM

EXHIBIT A
OFFICIAL BALLOT ON VOTING DAY

**STATE HOUSE | McCUL**

t you need to know

**TRATION**

## OFFICIAL PRIMARY BALLOT CARD

B ▮ ▯ ▮ C ▯ ▮

### EATIC PARTY BALLOT (D)
(Purple)

**U.S. Senator**
Vote for Not More than One (1)

◯ AKAKA, Daniel

◯ CASE, Ed

**.S. Representative**
Vote for Not More than One (1)

◯ ABERCROMBIE, Neil

◯ KAAN, Alexandria

**Governor**
Vote for Not More than One (1)

◯ AILA, William J., Jr.

◯ IWASE, Randy

◯ TANABE, Van K.

**Lieutenant Governor**
Vote for Not More than One (1)

◯ HENKIN, David L.

◯ MOOK, Michael (Manu)

◯ SHIRATORI, Miles

◯ SOLOMON, Malama

**State Representative**
Vote for Not More than One (1)

◯ TAKUMI, Roy M.

### LIBERTARIAN PARTY BALLOT (L)
(Green)

**U.S. Senator**
Vote for Not More than One (1)

◯ MALLAN, Lloyd Jeffrey

**Governor**
Vote for Not More than One (1)

◯ DANIEL, Ozell

**Lieutenant Governor**
Vote for Not More than One (1)

◯ ZHAO, Li

### REPUBLICAN PARTY BALLOT (R)
(Yellow)

**U.S. Senator**
Vote for Not More than One (1)

◯ BEATTY, Mark

◯ COFFEE, Jerry

◯ COLLINS, Chas (Akacase)

◯ FRIEDHEIM, Jay

◯ PIRKOWSKI, Edward (Eddie)

◯ TATAII, Steve

**U.S. Representative**
Vote for Not More than One (1)

◯ HOUGH, Richard (Noah)

◯ TERRY, Mark

**Governor**
Vote for Not More than One (1)

◯ BERISH, George L.

◯ LINGLE, Linda

◯ MANNER, Paul

◯ PEABODY, George

**Lieutenant Governor**
Vote for Not More than One (1)

### GREEN PARTY BALLOT (gr)
(Tan)

**Governor**
Vote for Not More than One (1)

◯ BREWER, Jim

**Lieutenant Governor**
Vote for Not More than One (1)

◯ ING, Renee

### NONPARTISAN PARTY BALLOT (N)
(Gray)

**U.S. Senator**
Vote for Not More than One (1)

◯ AMSTERDAM, C. Kaul Jo

**Governor**
Vote for Not More than One (1)

◯ CUNNINGHAM, Danie

◯ HARA, Bradley

◯ MATTES, Paul J. (Co

**Lieutenant Governo**
Vote for Not More than One (1)

◯ POWELL, A.J.

### BOARD OF EDUCATION
First School Board Distr
(City & County of Honolu
6th Departmental School
District Seat
(Windward)
Vote for Not More than One (1)

◯ DeREGO, Kris

◯ PENEBACKER, John R.

◯ VIERLING, PAUL

### No Departmental School
District Residency
Vote for Not More than Three (3)

◯ BASS, Michael

◯ CHING, Darwin L.D.

◯ GOLOJUCH, Carolyn Martinez

◯ HOEFT, Henry W., Jr.

◯ IKEDA, Donna R.

◯ IWAMOTO, Kim Coco

◯ KESSLER, Brian

◯ KIRKPATRICK, Malcoim

◯ KNUDSEN, Karen

◯ LEE, Philmund (Phil)

◯ LINVILLE, Marcia

◯ McDERMOTT, Bob

◯ SKILLING, Liam

◯ STONE, Nancy J. (Pohaku)

◯ TOM, Terrance W.H.

◯ TSCHUMY, Ruth

◯ YAMANE, Brian Y.

**PRE-VOTE W**
Fill out your choi

Political party I a
(choose one only

U.S. Senate

U.S. House

Governor

Lt. Governor

State Senate

State House

**ONT**

**Party**
**rimaries**

Plaintiffs to the Complaint Contesting
Matters in the 2006 Primary Election

## EXHIBIT B

We the undersigned registerd voters of the State of
Hawaii, who voted in the 2006 Primary Election, present this
complaint as Plaintiffs contesting the unfair treatment of
Candidates of the Non-Partisan Party with claims and the mis-
informing, misleading, and confusing of the voting public
by the Office of Elections of the State of Hawaii in the 2006
Primary Election.

| Names | Address | Phone Number / Signature |
|---|---|---|
| Paul Matsueda | 1041 8th ave | 732-2242 |
| ALAN D. STACK | 2121 ALAWAI #3202 | 922-1583 |
| Alton Asad | 98-239 Palemo St | 487-2958 |
| Garrof Ichioka | 1435 Kuloko St. | 847-3833 |
| Devin Rutkowski | 936 First St. | 455-8920 |
| Madeline Leslie | 1235 Ahiahi St # F | 845-4399 |
| Steven Villicana | 1326 Keeaumoku St | 224-678 |
| Kawika Flores | 1576 Murphy St. | 840-6590 |
| Pascual G. Actor | 1934 Elimene | |
| Emerson R. Esposo | 91-621 Kilaaa St #44 | 606-4443 |
| Barbara Jengle | 44 Akanu Pl | 293-3618 |

I

| Name | Address | Phone Number/ Signature |
|------|---------|-------------------------|
| Denise Bui | 94-1144 Hana St. | 671-3015 _(signature)_ |
| Itania Gay-ya | Kaaka St. Waipahu, H: | 678-9390 _(signature)_ |
| Nwai Nwanze | 94-240 Keaei St. Waipahu HI | 601-2432 _(signature)_ |
| James R Carpenter | 5175 John St. Honolulu HI | 373-3721 _(signature)_ |
| Joyce A. Morse | 1671 HOOLANA PL. PEARL CITY, HI.-96782-1630 | _(signature)_ |
| Winfred Rohloff | 860 Halekauwila #1108 Honolulu, Hi 96813 | 808-2234418 _(signature)_ |
| Rodney S.L. Lum | 922 Kapahulu an #205 | Hon. Hi 96816 _(signature)_ |
| Bradley Y. Higuchi | 1120 Hassinger st #202 | #523-1661 Hon Hi 96822 _(signature)_ |
| _(illegible)_ | _(illegible)_ | _(signature)_ |
| James Ward | 1630 Liholiho St. #1802 | 808-524-1742 _(signature)_ |
| Winifred Gracia | 1150 Kinau St. #209 Hnu. Hi 96814 | 262-1716 _(signature)_ |

Continued

2

EXHIBIT B

| Name | Address | Phone Number/ Signature |
|------|---------|------------------------|
| FLORDELIZ OLMSTEAD | 1616 Kewalo St. #207 | 531-5812 |
| Wolfe/K Wong | 1616 Kewalo St. #207 | 531-5812 |
| RAYMOND OLMSTEAD | 1616 KEWALO #207 | 531-5812 |
| Bryn Ogata | 1519 Piikoi St. Apt #2 | 521-2486 |
| Ken Humphries | 91-1016 Poaawai St. Kapolei, Hi 96707 | |
| Terry Marks | 1314 Piikoi St. Hon HI 96814 | No Calls |
| Rowena K. Keaka | 2250 Kaulubau St. Hon. HI 96813 | 531-0079 (unlisted) 735.0014 |
| Donette S. Carlisle | 919B 12TH AVE., Hon., HI 96817 | |
| Heather Sikas | 1903 Kihi St., Hon HI 96817 | 343-1638 |
| S. Izamizawa | 3301 Manoa Rd. Hon. Hi 96822 | 988-7493 |
| CARL GRUEBL | 1551 S. Beretania #611 Hon Hi 96826 | 955-2491 |
| GREG MIKAI | 91-162 Ahohe Pl. Ewa Beach Hi 96706 | 864955 |
| Lauriö Lum | 3330 Moohkay Ave Honoluly Hi 96816 | 295.2661 |

Continued
3

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of Hawaii

C. KAUI JOCHANAN AMSTERDAM )
Candidate for US Senate    )
            Plaintiff      )          **SUMMONS IN A CIVIL ACTION**
        V.                 )
DWAYNE D. YOSHINA          )
Chief Elections Officer    )
for the State of Hawaii    )    CASE NUMBER:   CV06 00519 HG BMK
            Defendant      )

TO: (Name and address of Defendant)

DWAYNE D. YOSHINA
Chief Elections Officer
Elections Office        ALL NAMED DEFENDANTS
802 Lehua Ave.
Pearl City, Hawaii
96782

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

C. KAUI JOCHANAN AMSTERDAM
1415 Pensacola St., # 12
Honolulu, Hawaii 96822

an answer to the complaint which is served on you with this summons, within _____20 CKA_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

SUE BEITIA                    OCT 2 4 2006

CLERK                                          DATE
/s/ Laila Geronimo

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
           Date           _____
                                  *Signature of Server*

                                   _____
                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.