# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

November 6, 2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 06-00519 HG-BMK |
| CASE NAME: | C. (Charles) Kaui Jochanan Amsterdam Candidate for the U.S.Senate v. Dwayne D. Yoshina, et al. |
| ATTYS FOR PLA: | Pro se |
| ATTYS FOR DEFT: | |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | |
| DATE: | November 6, 2006 | TIME: | |

## MINUTE ORDER

COURT ACTION: **AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, filed October 24, 2006; NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION, filed October 27, 2006**

### BACKGROUND AND PROCEDURAL HISTORY

On September 22, 2006, Plaintiff filed a Motion for Injunction and Complaint contesting the 2006 election procedures.

On September 25, 2006, the Court entered a Minute Order denying Plaintiff's Motion for Injunction because Plaintiff failed to state a claim upon which relief could be granted. The Court granted Plaintiff 30 days leave to amend the Complaint and warned that failure to amend the Complaint to state a claim by October 26, 2006 would result in dismissal of the Complaint.

On September 21, 2006, Plaintiff had filed an identical Complaint, contesting the 2006 election procedures, in the Supreme Court of the State of Hawaii, which the Hawaii Supreme Court treated as a petition for writ of mandamus. See Amersterdam v. Yoshina, S. Ct. No. 28159 (Oct. 24, 2006).

On October 3, 2006, the Hawaii Supreme Court issued an order denying Plaintiff's petition for writ of mandamus because the allegation that Hawaii's 2006 primary election ballot confused voters was "not supported by any evidence", and because "Haw. Rev. Stat. § 12-41(b) is not discriminatory and unduly burdensome to Plaintiff as a non-partisan candidate."  See October 3, 2006 Order filed in Amsterdam v. Yoshina, S. Ct. No. 28159.

On October 12, 2006, Plaintiff filed a motion for reconsideration of the Hawaii Supreme Court's October 3, 2006 Order.

The Hawaii Supreme Court denied Plaintiff's motion for reconsideration on the morning of October 24, 2006.

On the afternoon of October 24, 2006, Plaintiff filed an Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") in this Court.  Plaintiff's Amended Complaint raises the same issues as his original complaint, which this Court found failed to state a claim and the Hawaii Supreme Court found not to be supported by any evidence.  Plaintiff's Amended Complaint also raises the same issues as his motion for reconsideration denied by the Hawaii Supreme Court.

On October 27, 2006, Plaintiff filed a Motion for Preliminary Injunction.

On November 3, 2006, Defendant Dwayne D. Yoshina, Chief Elections Officers for the State of Hawaii, filed Defendant's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, seeking denial of Plaintiff's Motion for Preliminary Injunction and dismissal with prejudice of Plaintiff's Amended Complaint for Declaratory and Injunctive Relief.

## **ANALYSIS**

The doctrine of res judicata precludes review of the instant action by this Court. Res judicata precludes federal court review if the matter has been previously decided in a state court.  Res judicata applies if the following three questions are answered in the affirmative:

> (1) Was the issue decided in a prior action identical with the issue presented in the present action? (2) Was there a final judgment on the merits in the prior action? (3) Was the party against whom the doctrine

      is asserted a party or in privity with the party to the previous adjudication?

Silver v. Queen's Hospital, 629 P.2d 1116, 1121 (Haw. 1981).  The doctrine of res judicata also applies to claims which might have been litigated as part of the first case. See Clark v. Yosemite Community College Dist., 785 F.2d 781, 786 (9th Cir. 1986) (plaintiff who raised causes of action in state court mandamus proceeding was precluded from relitigating those causes of action in federal court proceeding).

      In the present case, res judicata precludes review of Plaintiff's claims because: (1) the issues in the present case and those decided in the Hawaii Supreme Court's decision are identical, (2) the Hawaii Supreme Court's decision is a final judgment on the merits; and (3) the parties in the Hawaii Supreme Court action are the same as the parties in this case.

## **CONCLUSION**

Accordingly,

(1)    Plaintiff's **NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION,** filed October 27, 2006, (Doc. 8) is **DENIED**.

(2)    Plaintiff's **AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,** filed October 24, 2006**,** (Doc. 7) is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Submitted by: Mary Rose Feria, Courtroom Manager

cc:    Plaintiff
       Judge Helen Gillmor's chambers