STEVEN K. CHANG   2923
General Counsel
Office of Elections
802 Lehua Avenue
Pearl City, Hawaii  96782
Tel. (808) 453-8683
Fax (808) 453-6006
Email: steven.k.chang@hawaii.gov

Attorney for Defendant
Dwayne D. Yoshina



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 3 2006

at 5 o'clock and 34 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM,<br>Candidate for the US Senate,<br><br>          Plaintiff,<br><br>vs.<br><br>DWAYNE D. YOSHINA,<br>Chief Elections Officer for the State of Hawaii,<br><br>          Defendant. | CIVIL NO. CV06 00519 HG/BMK<br><br>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF LORI TOMCZYK; DECLARATION OF STEVEN K. CHANG; EXHIBITS A-D; CERTIFICATE OF SERVICE<br><br>HEARING TIME: _____<br>HEARING DATE: _____<br>JUDGE:         Helen Gillmor |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I.   INTRODUCTION

The facts pertinent to the instant action do not appear to be in dispute.  On September 21, 2006, Plaintiff, C. Kaui Jochanan Amsterdam (hereinafter Plaintiff) filed a Complaint Contesting the Elections Procedures in Violation of Fair Elections, Voting, and Civil Rights of US Senate Candidate C (Charles) Kaui

Jochanan Amsterdam and Resulting Unfair, Disadvantaged, and Detrimental Impacts in the Supreme Court of the State of Hawaii. See Plaintiff's Complaint filed in Amsterdam v. Yoshina, S.Ct. No. 28159 (Oct. 24, 2006), attached hereto as Exhibit A. On October 3, 2006, the Hawaii Supreme Court issued an order dismissing Plaintiff's complaint therein because the allegation that Hawai`i's 2006, primary election ballot confused voters was not supported by any evidence, and because Haw. Rev. Stat. § 12-41(b), is not discriminatory and unduly burdensome to the Plaintiff as a nonpartisan candidate. See October 3, 2006, Order filed in Amsterdam v. Yoshina, S.Ct. No. 28159, attached hereto is Exhibit B. Subsequently, Plaintiff filed a Motion for Reconsideration in the Hawaii Supreme Court proceeding on October 12, 2006. See Plaintiff's Motion for Reconsideration, attached hereto as Exhibit C. At 10:30 a.m., October 24, 2006, the Hawaii Supreme Court issued an Order Denying Reconsideration of Plaintiff's motion. See Order Denying Reconsideration filed in Amsterdam v. Yoshina, S.Ct. No. 28159, attached hereto is Exhibit D. Thereafter at 3:58 p.m., October 24, 2006, Plaintiff filed herein an Amended Complaint for Declaratory and Injunctive Relief (hereinafter "Amended Complaint"). Plaintiff' motion for injunctive relief followed three days later.

II.   STANDARD OF REVIEW

A preliminary injunction is an "extraordinary and drastic remedy" that should not be granted unless the movant, who bears the burden, makes a "clear

2

showing" that he is entitled to such relief. 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure, Civil 2d § 2948 at 129 (1995). See Symo Industries, Inc. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964) ("The exercise of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.") (citation omitted).

To meet the requisite burden, the movant must show: (1) the likelihood that he will prevail on the merits of his underlying claims; (2) the possibility of irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favor the respective parties; and (4) whether the public interest will be advanced by granting the preliminary relief. See Miller v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994).

III.   ARGUMENT

   **A. Plaintiff is not likely to succeed on the merits because under the Doctrine of Res Judicata the Court does not have jurisdiction to review the claims herein.**

The doctrine of res judicata precludes review of the instant action by the court.

> The Constitution's Full Faith and Credit Clause is implemented by the federal full faith and credit statute, 28 U.S.C. § 1928. That statute reads in pertinent part: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in ever court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." It is now settled that a federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.

3

Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 80-81, 104 S. Ct. 892, 895-896 (1984) (citation omitted).

Based on the above, res judicata precludes federal court review if the matter has been previously decided in a state court. Further, to ascertain whether a state court ruling prohibits a party from litigating a claim, the federal courts must apply the same preclusive effect to the judgment that a state court would provide. The purpose of the Res Judicata Doctrine is to protect the integrity of the courts, and to promote the reliability of court judgments and judicial economy. Pedrina v. Chun, 906 F. Supp. 1377, 1398 (1995).

The Hawai'i Supreme Court described the res judicata standard applicable in this state in Silver v. Queen's Hospital, 63 Haw. 430, 436, 629 P.2d. 1116, 1121 (1981). In applying the Doctrine of Res Judicata

> three basic questions must ordinarily be answered in the affirmative: (1) Was the issue decided in prior action identical with the issue presented in the present action? (2) Was there a final judgment on the merits in the prior action? (3) Was the party against whom the doctrine is asserted a party or in privity with the party to the previous adjudication?

Additionally, once applied, res judicata precludes the litigation of all grounds of claim or defense which might have been litigated in the first action but were not litigated or decided. Id. at 436, 629 P.2d at 1121.

Pursuant to the above res judicata precludes review of Plaintiff's claims herein by the Court if it is established that the issues in the instant case and those decided in the prior Supreme Court decision are identical, that the Hawai'i

Supreme Court decision was a final judgment on the merits, and that the parties in the Supreme Court action were the same. Additionally, res judicata also prohibits litigation of any and all claims and defenses which could have been properly litigated in Plaintiff's Supreme Court action.

Review of the Hawai`i Supreme Court pleadings and Orders attached hereto, and of the October 24, 2006, Amended Complaint filed herein reveals that the criteria for imposition of res judicata clearly apply. The parties hereto are identical to the parties in Amsterdam v Yoshina, Hawaii Supreme Court No. 28159, see Exhibit A, attached hereto, and the Amended Complaint, filed herein, and the Hawaii Supreme Court issued a final decision on October 24, 2006. See Exhibit D, attached hereto. Additionally, the issues currently before the Court are exactly the same as the causes resolved by the Hawai`i Supreme Court. In the state appellate proceeding the Court described the claims brought by Plaintiff as follows:

> it appears that petitioner's claim that the ballot for the September 23, 2006 Hawai`i primary election confuses voters about petitioner's nonpartisan candidacy is not supported by any evidence and the claim is not clear and certain. It further appears that HRS § 12-41 (b) is not discriminatory and unduly burdensome to petitioner as a nonpartisan candidate.

Order, p. 1, Amsterdam v. Yoshina, S.Ct. No. 28159, Exhibit B, attached hereto. Based upon the decision of the state court Plaintiff contended that the form of the State of Hawai`i's primary election ballot confused workers, and that the provisions of Haw. Rev. Stat. § 12-41(b), placed an unfair burden on Plaintiff.

Though difficult to comprehend, Plaintiff's pleadings submitted herein appear to assert the same causes of action.

> [T]he Elections Office inconsistently and unfairly did not <u>treat</u> the Plaintiff as a partisan candidate. . . Part IV, Election Results, 12-41 Result clarifies that treated as a partisan candidate, the Plaintiff would advance to the ballot of the General Election pursuant to (a) The person or persons receiving the greatest number of votes at the primary or special primary as a candidate of a party for an office shall be the candidate of the party at the following general or special election. Such treatment would be consistent and fair with the <u>listing</u> of the candidate by the Election Office in the Primary Election. On the other hand, <u>treated</u> as a non-partisan candidate, the Plaintiff would incur irreparable harm by being eliminated from advancing to the ballot of the General Election pursuant to (b) Any nonpartisan candidate receiving at least ten per cent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary , shall also be a candidate at the following election. Such treatment would be inconsistent and unfair and deprive the Plaintiff of his rights since he was <u>listed</u> or <u>designated</u> as a candidate with the NONPARTISAN PARTY BALLOT on the official ballot before the voting public by the Elections Office.

October 24, 2006, Amended Complaint, ps. 3-4, filed herein.

Analysis of the above allegations indicates that Plaintiff contends that the provisions of Haw. Rev. Stat. § 12-41(b), placed an undue burden on himself as a nonpartisan candidate in the 2006, primary election because it imposed a different standard of eligibility for inclusion on the 2006, general election ballot than that which is required of partisan candidates. This claim is the same as one of the two disputes that were before the court in <u>Amsterdam v. Yoshina</u>, S.Ct. No. 28159. <u>See</u> Exhibit B, p. 1, attached hereto.

The second cause that was before the Hawai`i Supreme Court is also present herein.

> The Elections Office's inconsistency resulted in the Plaintiff and voting public's unfair, unreasonable treatment and subsequent inconvenience, they're being misinformed, misled, and confused, a denial of the Plaintiff's associated rights, and a violation of points of law.

October 24, 2006, Amended Complaint, ps. 4-5, filed herein.

Review of the above reveals that Plaintiff alleges that the 2006, primary election ballot confused voters in the state with regard to his nonpartisan candidacy. This issue was reviewed and resolved previously by the Hawai`i Supreme Court. See Exhibit B, p. 1, attached hereto. Therefore, based on the above, Plaintiff's claims herein are precisely those that were considered and ruled upon in Amsterdam v. Yoshina, S.Ct. No. 28159. As a result, the three-pronged test of the Res Judicata Doctrine is satisfied. The state's highest appellate court has conclusively ruled on the same issues involving the same parties that are now before the Court, and the instant action should be dismissed.

Further, if it is determined by the Court that the claims submitted herein are in any way different from those previously litigated in the Hawaii Supreme Court action, res judicata also requires that these additional different claims that were not previously litigated are also precluded from review by the Court in the instant action. Silver v. Queen's Hospital, 63 Haw. at 436, 629 P.2d at 1121.

### B. Plaintiff is not likely to succeed on the merits because the United States Ninth Circuit Court of Appeals has concluded that Haw. Rev. Stat. § 12-41, does not compromise the Constitutional rights of nonpartisan candidates.

In Erum v. Cayetano, 881 F.2d 689 (9th Cir. 1989), petitioner was a candidate for a county office who received less than the ten per cent of all votes cast and less than the votes for the partisan candidate who qualified for the general election ballot with the least number of votes received. Id. at 690. As a result of his exclusion from the general election ballot plaintiff therein challenged the provisions of Haw. Rev. Stat. § 12-41(b), on first and fourteenth amendment grounds, and on the Equal Protection Clause. Id. at 691. In addressing the Constitutional concerns as they relate to § 12-41(b), the Erum Court found that " . . . a court must weigh (1) the character and magnitude of the asserted injury to first and fourteenth amendment rights that the plaintiff seeks to vindicate; and (2) the precise interests put forward by the State as justifications for the burden imposed by its rule." Erum v. Cayetano, 881 F.2d at 692, (citations omitted). In weighing the competing interests the Court found that the impact on the candidate's rights is "slight" because the petitioner had access to the primary ballot. Id. at 692-693. Further, the Court acknowledged that the state had legitimate compelling objectives in "combating unrestrained factionalism" and "avoid[ing] voter confusion and overcrowded ballots. . . ." Id. at 693. Additionally, with regard to the equal protection claim, the Court recognized that

Haw. Rev. Stat. § 12-41(b), does apply different criteria for party and nonpartisan candidates regarding access to the general election ballot. Also, the Court noted that though such treatment may create a potential for disparate treatment against independent candidates, id. at 694, the state's statutory scheme merely prescribes slightly different means for partisan and nonaffiliated candidates to attain access to the general election ballot, and that neither avenue "can be assumed to be inherently more burdensome than the other." Id. at 695 (citations omitted). As a result, the Court in Erum, concluded that Haw. Rev. Stat. § 12-41(b), does not compromise the Constitutional and Equal Protection rights of unaffiliated candidates. Thus, the unfairness objection that Plaintiff has to § 12-41(b), is without merit, and he is unlikely to succeed

### C. Plaintiff has not been irreparably harmed.

Plaintiff has not suffered any monetary or physical irreparable harm. The consequence of implementation of Haw. Rev. Stat. § 12-41(b), is that he will not be included on the 2006, general election ballot. However, the genius of the American system of government and Hawai`i election law is that Plaintiff will be able to run for a United State Senate seat in 2010, when Senator Inouye's term ends. As a result, Plaintiff has not been irreparably harmed.

### D. The balance of the hardships does not favor Plaintiff.

If the decisions of the Hawai`i Supreme Court in Amsterdam v. Yoshina, S.Ct. No. 28159, and the Ninth Circuit Court of Appeal in Erum v. Cayetano, are

9

ignored, and the provisions of Haw. Rev. Stat. § 12-41(b), are invalidated the state shall suffer extreme hardship. The 2006, general election is scheduled for Tuesday, November 7, 2006. Approximately 1.3 million ballots have been printed, facilities for polling places have been reserved, and approximately six thousand contractors and volunteers have been retained to supervise the polls, transport voting machines and ballots, and to assist voters statewide. See Declaration of Lori Tomczyk, attached hereto. If Plaintiff's motion is granted all of the preparations for the pending general election will cease. Millions of ballots will need to be reprinted, the thousands of discharged contractors and volunteers will need to be re-solicited, and facilities, many of which include public school cafetoriums, will need to be re-retained. The electoral process would be entirely disrupted. As a result, the hardships would weigh heavily against the state if Plaintiff prevails.

**E. The public interest will not be served if Plaintiff succeeds.**

If the Court grants Plaintiff's claim the state will have to spend thousands of dollars to cancel, reschedule and re-staff another general election, and to reprint more than one million ballots. All of the voters who have already voted, and all of the volunteers and contractors who have been retained for the November 7, 2006, election will be severely inconvenienced. Additionally, the 2006, general election results will be postponed for an indefinite period of time. Clearly, the public interest will be compromised if Plaintiff prevails.

IV. CONCLUSION

Based on all of the above the conditions for a preliminary injunction have not been satisfied. Plaintiff will not succeed on the merits, he has not suffered any harm, the balance of the hardships shift heavily in favor of the state, and the public interest will not be served if the November 7, 2006 election is cancelled. Therefore, Defendant, Dwayne D. Yoshina respectfully requests that Plaintiff's motion for preliminary injunction be denied, and that the amended complaint for declaratory and injunctive relief filed herein be dismissed with prejudice.

Dated: Honolulu, Hawaii, November 3, 2006

_____
Steven K. Chang
General Counsel

Attorney for the Defendant